# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| RONALD EUGENE TAYLOR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:20-CV-1446 RWS |
| ) | |
| ELIZABETH ATTERBERRY and ) | |
| ANNE PRECYTHE, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Self-represented plaintiff Ronald Eugene Taylor brings this action under 42 U.S.C. § 1983 for alleged violations of his civil rights. The matter is now before the Court upon the motion of plaintiff for leave to proceed *in forma pauperis*, or without prepayment of the required filing fees and costs. ECF No. 3. Having reviewed the motion and the financial information submitted in support, the Court will grant the motion and assess an initial partial filing fee of $187.87. *See* 28 U.S.C. § 1915(b)(1). Furthermore, after reviewing the complaint, the Court will dismiss this case for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

### Initial Partial Filing Fee

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly

payments of 20 percent of the preceding month's income credited to the prisoner's account.  28 U.S.C. § 1915(b)(2).  The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid.  *Id.*

In his signed and sworn motion, plaintiff states that he makes $8.50 per month.  ECF No. 3.  In a letter received with plaintiff's initial filings, plaintiff informed the Court that he requested a recent certified inmate account statement from the business office at Farmington Correctional Center ("FCC"), where he is incarcerated, but he has not yet received it.  ECF No. 2.  Instead, plaintiff submitted an account statement from July 2020 (ECF No. 4) and said that he would submit an updated statement to the Court once received.  As of this date, no updated account statement has been filed.  Based on the financial information plaintiff has submitted, the Court will assess an initial partial filing fee of $187.87, which is twenty percent of plaintiff's average monthly deposits over the time period provided on the statement.  If plaintiff is unable to pay this initial partial filing fee amount, he must submit a recent copy of his prison account statement in support of his claim.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference

that the defendant is liable for the misconduct alleged." *Id.* at 678.  Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.  *Id.* at 679.

When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and it liberally construes the complaint.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits the claim to be considered within the proper legal framework.  *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015).  However, even self-represented plaintiffs are required to allege facts which, if true, state a claim for relief as a matter of law.  *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

**The Complaint**

Plaintiff has been in MDOC custody for over two decades and is currently incarcerated at FCC.  He brings this action under 42 U.S.C. § 1983, alleging violations of his civil rights against two defendants: (1) Elizabeth Atterberry (Corizon Regional Director of Mental Health) and (2) Anne Precythe (Director of Missouri Department of Corrections ("MDOC")).  ECF No. 1 at 2-3. Plaintiff sues both defendants in their individual and official capacities.  *Id.*

Plaintiff states that he has been denied "hard copies" of medical records, dated approximately eighteen (18) years ago, from "3 or 4 visits" that plaintiff had with an FCC psychologist named Charlie Palmer.  *Id.* at 4.  According to plaintiff, these records "document

torture of self in MO. D.O.C. care." *Id.*; *see also* ECF No. 1-3[1] at 6 (stating that these records "document [plaintiff's] time as an inmate within MSP 'The Walls' Jefferson City, Mo. as torture."). Plaintiff states that he needs these records for "use in normal 1st Amendment redress of grievance thru courts and possibly press." ECF No. 1 at 4. Plaintiff alleges that these records are his property and denial of them violates the First, Fourth, Fifth, and Tenth Amendments to the U.S. Constitution. He sought and was denied copies of these records through the "Freedom of Information Act … and similar Missouri laws." *Id.*

When denied copies of these records, plaintiff was told that "DOC does not want the records falling into the wrong hands." *Id.* at 6. Plaintiff was offered the opportunity to view the records and to receive copies of records showing only his medical diagnoses. *Id.*; *see also* ECF No. 1-3 at 3, 4. On one grievance form, plaintiff argued that "simply viewing the records will not allow [him] to submit [the records] to Federal Court … [for he has] an issue that requires court consideration." *Id.* at 2. Plaintiff states that defendant Elizabeth Atterberry signed the "final answer in grievance procedure," but plaintiff does not include a copy of that final answer. ECF No. 1 at 7.

As a result of the denial of copies of these records, plaintiff has suffered "psyc[h]ological harassment and medical harassment." *Id.* at 4. For relief, plaintiff seeks copies of these medical records, free of charge. *Id.* at 5.

**Discussion**

---

[1] Plaintiff included as exhibits to his complaint some of the grievance paperwork he filed and received in response, regarding his unfulfilled "Medical Records Request." ECF No. 1-3. These attachments will be treated as part of the pleadings. *See* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes").

Plaintiff summarily alleges that the MDOC rule against providing inmates with hard copies of certain mental health records violates his First, Fourth, Fifth, and Tenth Amendment rights. For the reasons discussed below, the facts plead do not demonstrate a plausible claim for relief. The allegations of plaintiff's complaint fail to state an actionable constitutional violation under § 1983, and indicate no personal involvement or direct responsibility on the part of the two named defendants. This case will be dismissed.

Although prisoners retain their constitutional rights, there are limitations on those rights "in light of the needs of the penal system." *Murphy v. Mo. Dep't of Corr.*, 372 F.3d 979, 982 (8th Cir. 2004). A prison regulation infringing on an inmate's constitutional rights is valid so long as it is reasonably related to a legitimate penological interest. *Turner v. Safley*, 482 U.S. 78, 89 (1987). Deference should be given to the decisions of prison administrators, especially when those decisions deal with issues of prison safety and security. *Id.*; *see also Sandin v. Connor*, 515 U.S. 472, 482 (1995) (stating that "federal courts ought to afford appropriate deference and flexibility to state [prison] officials trying to manage a volatile environment."); *Spence v. Farrier*, 807 F.2d 753, 755 (8th Cir. 1986) (stating that "prison administrators are accorded 'wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security.'" (quoting *Bell v. Wolfish*, 441 U.S. 520, 547 (1979))).

Plaintiff states that he needs his medical records to seek "redress of grievance thru courts and possibly press."[2] ECF No. 1 at 4. Under the First Amendment, the freedom to petition the

---

[2] Liberally construing the allegations of plaintiff's complaint, the Court cannot discern – and plaintiff does not explain – how the facts alleged violate plaintiff's Fourth, Fifth, and Tenth Amendment rights. *See* U.S. Const. amend. IV (unreasonable search and seizure; probable cause for warrants), V (grand jury indictment; double jeopardy; privilege against self-incrimination; due process against federal actors; private property taking), & X (reserves power for states). As such, the Court's discussion will examine plaintiff's allegations of a First Amendment violation.

government for redress of grievances includes the right of access to courts.  *BE & K Constr. Co. v. N.L.R.B.*, 536 U.S. 516, 524-25 (2002).  To the extent plaintiff seeks his medical records for a future case he plans to file, these records would be accessible through the discovery process in any matter where they are relevant.  Plaintiff has been offered access to view the medical records so he could review them, if needed, before filing a case.  Plaintiff need not have physical copies to file a claim where these records are relevant; he need only know what the records contain in order to adequately allege the facts of his case.  Therefore, lack of access to these medical records is not preventing plaintiff from filing a lawsuit.

To the extent that plaintiff is claiming that he has been denied access to the courts in the past due to his inability to have copies of these records, such a claim also fails.  To state a claim premised upon denial of access to the courts, a plaintiff must demonstrate that he suffered an "actual injury."  *Lewis v. Casey*, 518 U.S. 343, 351-52 (1996).  The Eighth Circuit has recognized that, when bringing an access-to-courts claim, it is insufficient to merely allege a denial of access to a specific resource, even if the denial is systemic.  *Sabers v. Delano*, 100 F.3d 82, 84 (8th Cir. 1996) (citing *Lewis*, 518 U.S. at 353 n.4).  Instead, the plaintiff must plead (and ultimately prove) that the lack of the resource deprived him of some specific opportunity to defend himself, or advance a viable legal claim, in a criminal appeal, postconviction matter, or civil rights action.  *Id.*  Speculation that injuries might occur or could have occurred is insufficient.  *Hartsfield v. Nichols*, 511 F.3d 826, 832 (8th Cir. 2008) ("Absent an articulation of how the alleged wrongful conduct actually blocked [the prisoner's] access to filing a complaint, or caused a filed complaint to be deficient, [the prisoner's] alleged injuries are merely speculative.").

Here, plaintiff does not explain, nor is it apparent, how denial of access to copies of his mental health records from eighteen years ago has caused him actual injury.  He does not allege

any deprivation of the opportunity to advance any specific claim in a pending action, or any deficiency in a case created by the denial of access to these records.  Plaintiff alleges that the records are needed to seek court relief, but any injury to a court claim is only speculative at this point.  When no actual injury is alleged, dismissal for failure to state a claim is proper.  *See Hartsfield*, 511 F.3d at 832.

Plaintiff also alleges that he may want to use the records to "seek … redress" through the press. ECF No. 1 at 4.  The First Amendment provides in part that "Congress shall make no law … abridging the freedom of speech, or of the press."  U.S. Const. amend. I.  In this case, plaintiff has not alleged any manner in which communication between him and any member of the press has been restricted by his lack of access to hard copies of his medical records.  *See generally Pell v. Procunier*, 417 U.S. 817, 825 (1974) (finding no violation of inmates' First Amendment rights and discussing that "inmates have an unrestricted opportunity to communicate with the press").

Furthermore, allegations of discomfort or inconvenience do not rise to the level of a constitutional violation.  *See Morris v. Zefferi,* 601 F.3d 805, 809-10 (8th Cir. 2010); *Williams v. Delo*, 49 F.3d 442, 446 (8th Cir. 1995).  Not allowing inmates to have copies of certain medical records is not an unconstitutional condition of confinement.  The rule may be an inconvenience, but it is not a significant hardship.  *See Sandin v. Conner*, 515 U.S. 472, 484 (1995) (finding that prisoners have a protected liberty interest in avoiding conditions of confinement that impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.").  Because plaintiff fails to allege any constitutional violation, the Court need not consider whether the prison regulation restricting inmates' access to medical records is reasonably related to legitimate penological interests.

Finally, as defendants in this matter, plaintiff names the Regional Director of Mental Health, Elizabeth Atterberry, and the MDOC Director, Anne Precythe. However, "[l]iability under § 1983 requires a causal link to, and direct responsibility for, the deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see also Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (to be cognizable under § 1983, a claim must allege that the defendant was personally involved in or directly responsible for the incidents that deprived the plaintiff of his constitutional rights).

Plaintiff's only specific assertion as to either defendant is that Atterberry signed his "final answer in grievance procedure." ECF No. 1 at 7. This is not enough to state a § 1983 claim against Atterberry. Plaintiff does not allege, nor do the facts support, that Atterberry is personally responsible for any alleged deprivation of his rights. *See also George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007) ("Only persons who cause or participate in the [constitutional] violations are responsible. … Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation.").

Plaintiff never mentions defendant Precythe in the factual allegations of his complaint. Simply placing a defendant's name in the caption is not enough to assert their responsibility. *See Allen v. Purkett*, 5 F.3d 1151, 1153 (8th Cir. 1993) (affirming district court dismissal of two defendants who were named as defendants in the complaint, but who had no factual allegations made against them); *Krych v. Hvass*, 83 Fed. App'x 854, 855 (8th Cir. 2003) (agreeing with district court dismissal of defendants who were merely listed in his complaint, and who were not alleged to have been personally involved in the constitutional violations). To the extent plaintiff seeks to hold Precythe responsible as a supervisor, such claim fails because supervisors may not be held liable under § 1983 for the violations of a subordinate on a respondeat superior theory.

*Tlamka v. Serrell*, 244 F.3d 628, 635 (8th Cir. 2001). As such, plaintiff's § 1983 claim against the two named defendants fails because neither of the defendants were personally involved in or directly responsible for any alleged violation of plaintiff's rights.

Therefore, liberally construing the allegations of plaintiff's complaint, the Court finds that plaintiff fails to state a claim upon which relief may be granted against the defendants. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). As such, this case will be dismissed.

### Motion to Appoint Counsel

Plaintiff has filed an unsigned motion to appoint counsel. ECF No. 5. Under Rule 11 of the Federal Rules of Civil Procedure, "[t]he court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention." Because the Court is dismissing this case for failure to state a claim, it would be futile to return the motion to plaintiff for signing. As such, the motion will be denied as moot.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed *in forma pauperis* [ECF No. 3] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $187.87 within **twenty-one (21) days** of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall **not** issue process or cause process to issue upon the complaint because the complaint fails to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff's claims against defendants are **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [ECF No. 5] is **DENIED as moot.**

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 17th day of December, 2020.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE